UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP and UNITED STATES SURGICAL CORPORATION<br>Plaintiffs,<br><br>vs.<br><br>ETHICON ENDO-SURGERY, INC.<br>Defendant. | ) <br>) CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) JANUARY 14, 2010 |

**COMPLAINT**

Plaintiffs Tyco Healthcare Group LP and United States Surgical Corporation (collectively, the "Plaintiffs") for their Complaint against defendant Ethicon Endo-Surgery, Inc., allege as follows:

**THE PARTIES**

1.  Plaintiff Tyco Healthcare Group LP ("Tyco Healthcare") is a limited partnership organized and existing under the laws of the State of Delaware having a principal place of business at 15 Hampshire Street, Mansfield, MA 02048. Plaintiff United States Surgical Corporation ("USSC") is a corporation organized and existing under the laws of the state of Delaware having a principal place of business at 150 Glover Ave., Norwalk, CT 06856.

2.  Upon information and belief, defendant Ethicon Endo-Surgery, Inc. (hereinafter "Ethicon") is a corporation or other entity organized under the laws of the State of Ohio, having a principal place of business at 4545 Creek Rd., Cincinnati, OH 45242.

3.  Tyco Healthcare was previously known as The Kendall Company Limited Partnership ("Kendall"). On April 8, 1999, Kendall filed a certificate with the state of Delaware changing its name to Tyco Healthcare Group LP.

## JURISDICTION AND VENUE

4.  This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  Ethicon is subject to personal jurisdiction in this Court as Ethicon regularly conducts business in Connecticut, including selling and shipping the infringing products at issue in this judicial district.

7.  Venue is proper under 28 U.S.C. §§ 1391(b) & (c) and 28 U.S.C. § 1400(b).

## BACKGROUND

8.  On May 16, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,063,050 (hereinafter "the '050 patent") entitled "Ultrasonic Dissection and Coagulation System." A true copy of the '050 patent is attached as <u>Exhibit A</u>. Tyco Healthcare together with Misonix, Inc. ("Misonix"), a corporation organized and existing under the laws of New York, jointly own the '050 patent. Misonix co-owns the '050 patent by virtue of assignments from inventors Ronald Manna and Scott Isola to Misonix. Tyco Healthcare co-owns the '050 patent by virtue of assignments from inventors Jonathon Tovey, Dominick Mastri, Corbett Stone, and Ernie Aranyi to USSC and a subsequent intra-company asset transfer agreement dated April 1, 1999 ("the Contribution Agreement") between Kendall (now Tyco Healthcare) and USSC. On January 11, 2010, Tyco Healthcare obtained a confirmatory assignment from USSC of all of USSC's right, title and

interest in the '050 patent, including the right to sue and recover damages for past, present and future infringement. Tyco Healthcare also is an exclusive licensee to Misonix's interest in the '050 patent by virtue of an exclusive license previously granted by Misonix to USSC and the subsequent transfer of these rights through the April 1, 1999 Contribution Agreement.

9. On October 22, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,468,286 (hereinafter "the '286 patent") entitled "Ultrasonic Curved Blade." A true copy of the '286 patent is attached as <u>Exhibit B</u>. Tyco Healthcare owns the '286 patent by virtue of assignments from inventors Dominick Mastri and Corbett Stone to USSC and the Contribution Agreement between Kendall (now Tyco Healthcare) and USSC. On January 11, 2010, Tyco Healthcare obtained a confirmatory assignment from USSC of all of USSC's right, title and interest in the '286 patent, including the right to sue and recover damages for past, present and future infringement.

10. On January 27, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,682,544 (hereinafter "the '544 patent") entitled "Ultrasonic Curved Blade." A true copy of the '544 patent is attached as <u>Exhibit C</u>. Tyco Healthcare owns the '544 patent by virtue of assignments from inventors Dominick Mastri and Corbett Stone to USSC and the Contribution Agreement between Kendall (now Tyco Healthcare) and USSC. On January 11, 2010, Tyco Healthcare obtained a confirmatory assignment from USSC of all of USSC's right, title and interest in the '544 patent, including the right to sue and recover damages for past, present and future infringement.

11. On October 8, 2004, Tyco Healthcare filed a complaint of patent infringement in this judicial district against Ethicon. In that patent infringement action, captioned *Tyco Healthcare Group LP d/b/a United States Surgical, a division of Tyco Healthcare Group LP v. Ethicon Endo-Surgery, Inc.*, Civ. Action No. 3:04-cv-01702-JBA ("the '1702 action"), Tyco Healthcare alleged infringement of the '050, '286 and '544 patents.

12. The claim construction of the terms of the '050, '286 and '544 patents was addressed extensively and conclusively by this Court in the '1702 action. On September 1, 2005, following substantial briefing on the issues, this Court held a *Markman* hearing regarding disputed claim terms of the '050, '286 and '544 patents and subsequently issued a 36 page claim construction ruling. On June 26, 2006, this Court in the '1702 action held another hearing regarding certain claim construction issues raised in Tyco Healthcare's motion for reconsideration and subsequently issued a 12 page ruling, granting Tyco Healthcare's motion as to the claim terms at issue.

13. The Court in the '1702 action also considered various briefs for summary judgment filed by the parties, held a summary judgment hearing on August 2, 2007, and subsequently issued a 66 page ruling on the motions on October 8, 2007.

14. In its summary judgment ruling in the '1702 action, this Court found that all the Ethicon products accused of infringement in the '1702 action (all of which are also accused in this complaint) infringed the '050 and '286 patents (both of which are asserted in this complaint). Specifically, the court found that all of the Harmonic Scalpel and Harmonic ACE products alleged of infringement in this complaint (except the newly identified ACE 23E and 36E products and Harmonic Wave products), including product numbers LCSC5L, LCSC5HA, LCSC1HA, LCSC5, LCSC1, CS14C, CS141, CS23C, CS231, ACE23P, ACE36P, ACE14S, ACE23S, and ACE36S, infringed claims 1, 5, and 9

of the '050 patent and claims 1, 6, 7, and 15 of the '286 patent. In its ruling the Court also denied Ethicon's motion for summary judgment of non-infringement with respect to all the claims raised in its motion, except for two dependent claims from the '286 patent.

15. This Court's October 8, 2007 summary judgment ruling also denied Ethicon's motion seeking to invalidate claims from the '050, '286 and '544 patents pursuant to 35 U.S.C. § 102(g), finding, *inter alia*, that "the record reflects that the Ultracision/Ethicon prototypes were not 'capable of fulfilling the function for which they were designed'" and that "the record evidence supports an inference that, during the relevant time[] period Ethicon's prototypes had substantial problems – beyond being not ready for commercialization – such that defendant cannot establish 'utility' for intended purpose beyond a probability of failure as a matter of law."

16. On December 3, 2007, this Court conducted a bench trial in the '1702 action, which lasted until December 17, 2007, at which time the proceedings were suspended following distribution of a "Draft Ruling" granting a motion to dismiss for lack of standing filed by Ethicon during the trial. During trial, the Court heard testimony from 7 witnesses for Tyco Healthcare and from 6 witnesses for Ethicon, as well as deposition testimony from various other witnesses. On January 9, 2008, the Court in the '1702 action issued a Memorandum Opinion granting Ethicon's motion to dismiss for lack of standing, which Tyco Healthcare appealed, but dismissing the case without prejudice. On February 20, 2008, Ethicon in the '1702 action filed a notice of cross-appeal, appealing the aspect of the ruling dismissing the case without prejudice.

17. On December 7, 2009, the Federal Circuit issued an opinion affirming this Court's dismissal of the '1702 action without prejudice. The Federal Circuit further held that in a subsequent action, Tyco Healthcare may be able to show that it owned the '050, '286

5

and '544 patents pursuant to the Contribution Agreement or otherwise or may become able to obtain ownership of the patents.

18.  The Federal Circuit further found that "most if not all the evidence, testimony, and rulings developed during [the prior] trial should be applicable to a subsequent proceeding between the parties."

## CLAIMS OF INFRINGEMENT

19.  On information and belief, Ethicon makes, uses, offers for sale, sells, supplies, causes to be supplied, imports and/or exports in the State of Connecticut and/or elsewhere in the United States, ultrasonic cutting and coagulating surgical devices known as Harmonic Scalpel and Harmonic ACE products and/or components thereof.  The Harmonic Scalpel products include product numbers LCSC5L, LCSC5HA, LCSC1HA, LCSC5, LCSC1, CS14C, CS141, CS23C, and CS231.  The Harmonic ACE products include product numbers ACE23P, ACE36P, ACE14S, ACE23S, ACE36S, ACE 23E, and the ACE 36E.

20.  On information and belief, Ethicon makes, uses, offers for sale, sells, supplies, causes to be supplied, imports and/or exports in the State of Connecticut and/or elsewhere in the United States, ultrasonic cutting and coagulating surgical devices known as the Harmonic Wave and/or components thereof.

21.  Ethicon's Harmonic Scalpel products and Harmonic ACE products fall within the scope of the claims of the '050, '286, and '544 patents.

22.  Ethicon's Harmonic Wave products fall within the scope of the claims of the '286 and '544 patents.

23.  Ethicon's acts in making, using, offering to sell, selling, supplying, causing to be supplied, importing, and/or exporting within the State of Connecticut and/or elsewhere in

the United States, the Harmonic Scalpel and Harmonic Ace products and/or components thereof infringe, induce infringement, and/or contribute to the infringement of the claims of the '050 patent under 35 U.S.C. § 271 without authority to do so.

24.     Ethicon's acts in making, using, offering to sell, selling, supplying, causing to be supplied, importing, and/or exporting within the State of Connecticut and/or elsewhere in the United States, the Harmonic Scalpel, Harmonic Ace, and Harmonic Wave products and/or components thereof infringe, induce infringement, and/or contribute to the infringement of the claims of the '286 patent under 35 U.S.C. § 271 without authority to do so.

25.     Ethicon's acts in making, using, offering to sell, selling, supplying, causing to be supplied, importing, and/or exporting within the State of Connecticut and/or elsewhere in the United States, the Harmonic Scalpel, Harmonic Ace, and Harmonic Wave products and/or components thereof infringe, induce infringement, and/or contribute to the infringement of the claims of the '544 patent under 35 U.S.C. § 271 without authority to do so.

26.     Plaintiffs have given Ethicon notice of its infringement of the '050, '286, and '544 patents, and despite that notice, and further despite the Court's ruling of infringement pursuant to summary judgment in the '1702 action, Ethicon has persisted in infringing, inducing infringement of, and/or contributing to the infringement of these patents.  Plaintiff Tyco Healthcare has further made, offered for sale, and sold within the United States products called AutoSonix UltraShears which are embraced by one or more claims of the '050, '286 and '544 patents.  Tyco Healthcare has marked these products with the '050, '286 and '544 patent numbers since at least as early as March 25, 2004.  Ethicon's acts of

infringement, inducing infringement, and/or contributing to the infringement of the '050, '286, and '544 patents alleged above are and have been willful, knowing, and deliberate.

27.  Plaintiffs have suffered and will continue to suffer irreparable injury unless Ethicon is enjoined from infringing, inducing infringement of, and/or contributing to the infringement of the '050, '286, and '544 patents.

28.  Plaintiffs have no adequate remedy at law.

29.  Plaintiffs have suffered damages as a result of Ethicon's infringement, inducing infringement, and/or contributory infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a.  issue a judgment that Ethicon's making, using, offering to sell, selling, supplying, causing to be supplied, importing, and/or exporting within the State of Connecticut and/or elsewhere in the United States, the Harmonic Scalpel, Harmonic Ace, and Harmonic Wave products and/or components thereof infringes, induces infringement of, and/or contributes to the infringement of the '050, '286, and '544 patents;

b.  issue a judgment permanently enjoining Ethicon's infringement, inducement of infringement, and/or contributory infringement of the '050, '286, and '544 patents;

c.  issue a judgment awarding Plaintiffs all damages to which they are entitled;

d.  declare that Ethicon's infringement is willful and treble the judgment;

e.  declare that this case is an "exceptional case" and award Plaintiffs reasonable attorney fees pursuant to 35 U.S.C. § 285;

f.  award Plaintiffs their costs and expenses in this action; and

  g.  grant such further and other relief as this Court deems just and proper.

          THE PLAINTIFFS
          TYCO HEALTHCARE GROUP LP and
          UNITED STATES SURGICAL CORPORATION

      By *[signature]*
          David L. Belt (ct04274)
          JACOBS, GRUDBERG, BELT, DOW & KATZ P.C.
          350 Orange Street
          New Haven, CT 06503
          Telephone No.: 203-772-3100
          Facsimile No.: 203-772-1691
          email: dbelt@jacobslaw.com

          Their Attorney

Of Counsel:

Drew M. Wintringham, III, Esq.
Mark W. Rueh, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Tel. (212) 335-4500
Fax. (212) 335-4501
e-mail: drew.wintringham@dlapiper.com
e-mail: mark.rueh@dlapiper.com