UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP and<br>UNITED STATES SURGICAL<br>CORPORATION<br>　　　　Plaintiffs,<br><br>vs.<br><br>ETHICON ENDO-SURGERY, INC.<br>　　　　Defendant. | CIVIL ACTION NO. 3:10cv0060 (JBA)<br><br><br><br><br><br><br><br>March 22, 2010 |

### PLAINTIFFS' ANSWERS TO ETHICON'S COUNTERCLAIMS

Plaintiffs Tyco Healthcare Group LP and United States Surgical Corporation (collectively, the "Plaintiffs"), through undersigned counsel, hereby answers to defendant and counterclaimant Ethicon Endo-Surgery, Inc's (Ethicon's) Counterclaims as follows:

### COUNTERCLAIMS
### THE PARTIES

1. Plaintiffs admit the allegations of paragraph 1.

2. Plaintiffs admit the allegations of paragraph 2.

3. Plaintiffs admit the allegations of paragraph 3.

### JURISDICTION AND VENUE

4. Plaintiffs admit the allegations of paragraph 4.

5. Plaintiffs admit the allegations of paragraph 5.

6. Plaintiffs admit the allegations of paragraph 6.

## FIRST COUNTERCLAIM
### (Non-infringement of the '050 patent)

7. Plaintiffs hereby incorporate and restate its responses to the allegations of paragraphs 1-6. Plaintiffs object to the incorporation by reference of Ethicon's Answers to Plaintiffs' Complaint and Ethicon's Affirmative Defenses as an improper form of pleading under the Federal Rules of Civil Procedure to which no response is required. To the extent that a response is required, Plaintiffs hereby incorporate and restate the allegations in its Complaint to which Ethicon offers admissions, denials, or lack of information, and hereby deny all of Ethicon's affirmative defenses.

8. The allegation in paragraph 8 sets forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegation of paragraph 8.

9. The allegations of paragraph 9 set forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of paragraph 9.

## SECOND COUNTERCLAIM
### (Non-infringement of the '286 patent)

10. Plaintiffs hereby incorporate and restate its responses to the allegations of paragraphs 1-9. Plaintiffs object to the incorporation by reference of Ethicon's Answers to Plaintiffs' Complaint and Ethicon's Affirmative Defenses as an improper form of pleading under the Federal Rules of Civil Procedure to which no response is required. To the extent that a response is required, Plaintiffs hereby incorporate and restate the allegations in its Complaint to which Ethicon offers admissions, denials, or lack of information, and hereby deny all of Ethicon's affirmative defenses.

11. The allegation in paragraph 11 sets forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegation of paragraph 11.

12. The allegations of paragraph 12 set forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of paragraph 12.

### THIRD COUNTERCLAIM
(Non-infringement of the '544 patent)

13. Plaintiffs hereby incorporate and restate its responses to the allegations of paragraphs 1-12. Plaintiffs object to the incorporation by reference of Ethicon's Answers to Plaintiffs' Complaint and Ethicon's Affirmative Defenses as an improper form of pleading under the Federal Rules of Civil Procedure to which no response is required. To the extent that a response is required, Plaintiffs hereby incorporate and restate the allegations in its Complaint to which Ethicon offers admissions, denials, or lack of information, and hereby deny all of Ethicon's affirmative defenses.

14. The allegation in paragraph 14 sets forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegation of paragraph 14.

15. The allegations of paragraph 15 set forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of paragraph 15.

### FOURTH COUNTERCLAIM
(Invalidity of the '050 patent)

16.     Plaintiffs hereby incorporate and restate its responses to the allegations of paragraphs 1-15.  Plaintiffs object to the incorporation by reference of Ethicon's Answers to Plaintiffs' Complaint and Ethicon's Affirmative Defenses as an improper form of pleading under the Federal Rules of Civil Procedure to which no response is required.  To the extent that a response is required, Plaintiffs hereby incorporate and restate the allegations in its Complaint to which Ethicon offers admissions, denials, or lack of information, and hereby deny all of Ethicon's affirmative defenses.

17.     The allegations in paragraph 17 sets forth legal conclusions for which no response is required.  To the extent that a response is required, Plaintiffs deny the allegations of paragraph 17.

18.     The allegations of paragraph 18 set forth legal conclusions for which no response is required.  To the extent that a response is required, Plaintiffs deny the allegations of paragraph 18.

## **FIFTH COUNTERCLAIM**
**(Invalidity of the '286 patent)**

19.     Plaintiffs hereby incorporate and restate its responses to the allegations of paragraphs 1-18.  Plaintiffs object to the incorporation by reference of Ethicon's Answers to Plaintiffs' Complaint and Ethicon's Affirmative Defenses as an improper form of pleading under the Federal Rules of Civil Procedure to which no response is required.  To the extent that a response is required, Plaintiffs hereby incorporate and restate the allegations in its Complaint to which Ethicon offers admissions, denials, or lack of information, and hereby deny all of Ethicon's affirmative defenses.

20. The allegations in paragraph 20 sets forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of paragraph 20.

21. The allegations of paragraph 21 set forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of paragraph 21

.

## SIXTH COUNTERCLAIM
### (Invalidity of the '544 patent)

22. Plaintiffs hereby incorporate and restate its responses to the allegations of paragraphs 1-21. Plaintiffs object to the incorporation by reference of Ethicon's Answers to Plaintiffs' Complaint and Ethicon's Affirmative Defenses as an improper form of pleading under the Federal Rules of Civil Procedure to which no response is required. To the extent that a response is required, Plaintiffs hereby incorporate and restate the allegations in its Complaint to which Ethicon offers admissions, denials, or lack of information, and hereby deny all of Ethicon's affirmative defenses.

23. The allegations in paragraph 23 sets forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of paragraph 23.

24. The allegations of paragraph 24 set forth legal conclusions for which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of paragraph 24.

WHEREFORE, having fully answered all of the allegations of Ethicon's Counterclaims to which any response was required, Plaintiffs deny that Ethicon is entitled to the relief requested, or any other relief; and respectfully request that the Court:

1. Dismiss each of Ethicon's Counterclaims with prejudice and enter judgment for Plaintiffs; and

2. Order Ethicon to pay Plaintiffs' costs, expenses, and attorneys' fees incurred as a result of having to defend these counterclaims; and

3. Grant such further relief as the Court deems proper.

THE PLAINTIFFS
TYCO HEALTHCARE GROUP LP and
UNITED STATES SURGICAL CORPORATION

By _____
David L. Belt (ct04274)
JACOBS, GRUDBERG, BELT, DOW & KATZ P.C.
350 Orange Street
New Haven, CT 06503
Telephone No.: 203-772-3100
Facsimile No.: 203-772-1691
email: dbelt@jacobslaw.com


Drew M. Wintringham (phv 0984)
Mark W. Rueh (phv 0985)
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020
Tel. (212) 335-4500
Fax. (212) 335-4501
email: drew.wintringham@dlapiper.com
email: mark.rueh@dlapiper.com

## CERTIFICATION

This is to certify that on March 22, 2010, a copy of the foregoing Answers to Ethicon's Counterclaims was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court(s) electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____
David L. Belt