**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TYCO HEALTHCARE GROUP LP and <br> UNITED STATES SURGICAL <br> CORPORATION <br> <br>           Plaintiffs, <br> <br>   v. <br> <br> <br> ETHICON ENDO-SURGERY, INC. <br> <br>           Defendant. | ) <br> ) <br> ) <br> ) Civil Action No: 3:10cv0060 (JBA) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FORM 26(f) REPORT ON PARTIES' PLANNING MEETING**

Date Complaint Filed:           January 14, 2010

Date Complaint Served:       January 20, 2010

Date of Defendant's Appearance:  February 5, 2010

      Pursuant to Fed. R. Civ. P. 16(b) and D. Conn. L. Civ. R. 16, a conference was held on

March 10, 2010.[1]  The participants were:

      Drew M. Wintringham and Mark W. Rueh of DLA Piper US LLP for plaintiffs Tyco
      Healthcare Group LP and United States Surgical Corporation

      Barbara L. Mullin, Steven D. Maslowski, and Ruben H. Munoz of Akin Gump Strauss
      Hauer & Feld LLP for defendant Ethicon Endo-Surgery, Inc.

---

[1] The parties agreed to hold the conference on March 10, 2010 due to a scheduling conflict on the proposed March 8, 2010 date and further agreed to extend the date to file this report to March 26, 2010.

EAST\42862143.1

**I.    Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   Jurisdiction**

    **A.    Subject Matter Jurisdiction**

This case arises under the patent laws of the United States, Title 35, United States Code. Based on the pleadings, subject matter jurisdiction is proper in this Court pursuant to Title 28, United States Code §§ 1331 and 1338(a).  At this time, the parties dispute the issue of ownership of the patents-in-suit, and, therefore, the propriety of this Court's subject matter jurisdiction on that basis.  The parties agree, however, that it is proper for this Court to decide the issue of patent ownership.

    **B.    Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.  Brief Description of Case**

    **A.    Claims of Plaintiffs Tyco Healthcare and USSC**

Plaintiffs Tyco Healthcare and USSC have brought claims of patent infringement against Ethicon.  Plaintiffs allege that Ethicon's Harmonic Scalpel and Harmonic Ace products infringe U.S. Patent No. 6,063,050 entitled "Ultrasonic Dissection and Coagulation System" ("the '050 patent"), U.S. Patent No. 6,468,286 entitled "Ultrasonic Curved Blade" ("the '286 patent") and U.S. Patent. No. 6,682,544 entitled "Ultrasonic Curved Blade" ("the '544 patent").  Plaintiffs

allege that Ethicon's Harmonic Wave products infringe the '286 and '544 patents. Plaintiffs assert that Ethicon's infringement of the '050, '286 and '544 patents has been and continues to be willful.

Upon the Court's judgment of Ethicon's infringement, Plaintiffs are requesting the following relief: (1) an injunction permanently enjoining Ethicon's activities that infringe the '050, '286 and '544 patents; (2) all monetary damages to which Plaintiffs are entitled for Ethicon's infringement (including treble damages for Ethicon's willful patent infringement); (3) an award of allowable costs and attorneys fees; and (4) any other relief this Court deems just and proper.

### B.    Defenses and Counterclaims of Defendant Ethicon

Defendant, Ethicon Endo Surgery, Inc. has asserted various affirmative defenses including the invalidity of the '050, the '286, and '544 patents for failing to comply with one or more of the conditions of patentability under Title 35 of the United States Code. Defendant further asserts that no valid claims of said patents are directly or indirectly infringed by Defendant, and that one or more of Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel. Defendant further asserts that Plaintiff, Tyco Healthcare, is precluded from making certain claims relating to ownership of the patents-in-suit and that Tyco Healthcare is not entitled to damages, if any, for Defendant's alleged infringement until it obtains ownership rights of the patents-in-suit.

Defendant has also counterclaimed for a declaration of invalidity, non-infringement, and/or unenforceability of the '050, the '286, and/or the '544 patents.

Upon the Court's judgment in favor of Ethicon, Ethicon requests the following relief: (1) a declaratory judgment that one or more of the claims of the '050, the '286, and/or the '544

patents are invalid; (2) a declaratory judgment that Ethicon has not infringed, and does not infringe, any valid claims of the '050, the '286, and/or the '544 patents; (3) costs and fees.

**IV.     Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff Tyco Healthcare Group LP ("Tyco Healthcare") is a limited partnership or other entity organized and existing under the laws of the state of Delaware having a principal place of business at 15 Hampshire Street, Mansfield, MA 02048.

2. Plaintiff United States Surgical Corporation ("USSC") is a corporation or other entity organized and existing under the laws of the state of Delaware having a principal place of business at 150 Glover Ave., Norwalk, CT 06856.

3. Ethicon Endo-Surgery, Inc. ("Ethicon") is a corporation or other entity organized under the laws of the State of Ohio, having a principal place of business at 4545 Creek Rd., Cincinnati, OH 45242.

4. The '050 patent was issued by the United States Patent and Trademark Office on May 16, 2000 and a copy of the '050 patent was attached as Exhibit A to plaintiffs' complaint.

5. The '286 patent was issued by the United States Patent and Trademark Office on October 22, 2002 and a copy of the '286 patent was attached as Exhibit B to plaintiffs' complaint.

6. The '544 patent was issued by the United States Patent and Trademark Office on January 27, 2004 and a copy of the '544 patent was attached as Exhibit D to plaintiffs' complaint.

- 5 -

**V.     Case Management Plan**

    **A.     Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling as described below.

    **B.     Scheduling Conference with the Court**

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference in person.

Plaintiffs' counsel is generally available for the conference but will be out of the country and unavailable April 2 and 5-9.

    **C.     Early Settlement Conference**

        1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice, including participating in extensive mediation in connection with the patent infringement action, captioned Tyco Healthcare Croup LP d/b/a United States Surgical, a division of Tyco Healthcare Group LP v. Ethicon Endo-Surgery, Inc., Civ. Action No. 3:04-cv-01702-JBA ("the '1702 action"), which involved one of the plaintiffs to this action (Tyco Healthcare), the same defendant, the three patents asserted in this action, as well as most of the same accused products involved in this action. The parties participated in mediation prior to initiation of the '1702 action and more recently through the Federal Circuit's Court Mediation Program, during the parties' appeal and cross-appeal of the Court's decision in the '1702 action. Settlement is unlikely at this time.

        2.     At the present time, the parties do not request an early settlement conference.

      3.      If the Court directs the parties to participate in a settlement conference, the parties prefer a settlement conference with a magistrate judge.

      4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.    Joinder of Parties and Amendment of Pleadings**

Each party should be allowed until April 27, 2010 to join additional parties and amend its pleadings without the need to seek leave from the Court to do so. Thereafter, a party must move the Court for leave to amend its pleadings. If a party seeks to amend the pleadings, the other should be allowed additional time, pursuant to the Federal Rules of Civil Procedure, to respond.

**E.    Discovery**

The parties took and completed extensive discovery in the '1702 action, which involved one of the plaintiffs to this action (Tyco Healthcare), the same defendant, the three patents asserted in this action, and all of the same accused products (except for the ACE 23E, ACE 36E, and Harmonic Wave products). The parties agree that discovery in the prior '1702 action should be deemed to have been given and received in this action.

The parties further agree that in view of the significant record developed in the '1702 action, the pre-trial work in this case will generally be limited to discovery pertaining to ownership of the asserted patents, damages issues and discovery pertaining to the newly accused products and, to the extent they have changed, the previously accused products.

      1.      The parties anticipate that discovery will be needed on the following subjects:

            a.      Plaintiffs' anticipated discovery

(1) limited discovery of the infringement of the '050, '286, and '544 patents by Ethicon, as to the design, development, manufacture, sale and use of the ACE 23E, ACE 36E and Harmonic Wave products or any of the accused products at issue in the '1702 action to the extent their design or structure has changed

(2) updated sales, licensing, and marketing of the accused products by Ethicon and alleged competing products and costs, revenues, profits, and related financial information relevant to establishing damages associated with Ethicon's infringement to the extent not provided in the prior '1702 action

(3) it is anticipated that limited or no discovery as to the issue of Ethicon's affirmative defenses or counterclaims should be needed, (except as to new affirmative defenses or counterclaims to the extent Ethicon is permitted to add them), provided that Ethicon confirms that its defenses and counterclaims are based solely on the prior discovery, evidence, contentions and expert reports previously provided or submitted in the '1702 action.

    b.    Ethicon's anticipated discovery:

(1) ownership of the patents-in-suit including the current and former entities that own or have owned any of the asserted patents, the manner in which said entities obtained ownership, the purported "confirmatory assignment" of January 11, 2010, the facts and circumstances related to the execution of said

"confirmatory assignment," and the facts and circumstances related to any other assignment or transfer of the patents-in-suit;

(2) bases for Plaintiffs' allegations that the ACE 23E, the ACE 36E, and the Harmonic Wave products infringe the asserted patents, and for any additional allegations of infringement relating to previously accused products to the extent their design or structure may have changed;

(3) damages-related discovery, including updated sales and marketing of products which Plaintiffs allege compete with the accused products; Plaintiffs' licensing of the asserted patents and other patents in the field; Plaintiffs' costs, revenues, profits, and related financial information relevant to Plaintiffs' claim for damages;

(4) discovery related to the business entity USSC, including the entity type, information relating to its business and the patents-in-suit, damages-related discovery, and discovery concerning its relation to co-plaintiff, Tyco Healthcare.

    2.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced and completed by the dates set forth in the below proposed discovery schedule for the case. The following schedule is based on the parties' current understanding of the anticipated limited discovery that will be needed, given that discovery was already taken in the '1702 action. The parties agree that the Court's claim

construction and summary judgment rulings issued in the '1702 action should be reinstated for purposes of this case.[2]

**Plaintiffs' Proposed Schedule**

Plaintiffs are generally agreeable to having issues of ownership resolved before commencement of significant damages discovery by Ethicon, but believe that the issue of ownership can be resolved much sooner than the dates provided in Ethicon's schedule and that there is no need to significantly delay Plaintiffs' proposed dates or to delay other fact discovery, including discovery of the newly accused products and updated sales, licensing, and marketing of the accused and alleged completing products and related financial information of Ethicon.[3] Plaintiff Tyco Healthcare believes it can show chain of title to the patents-in-suit through the Contribution Agreement under the Federal Circuit's definition of "related to" without further discovery by producing publicly available pleadings to show the subject matter of the patents-in-suit was not involved in pending litigation of USSC as of April 1, 1999 and that Ethicon's assertion of the alleged preclusive effect of the '1702 action is a legal issue that can be resolved without delay or fact discovery. As the party bearing the burden of proof on the issue, Tyco Healthcare believes it should file the first brief on the issue, under the following schedule:

April 6, 2010        Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)

---

[2] This agreement should not be construed as a waiver by either party of any right to appeal these rulings or as a suggestion that the Court does not have the right to change these rulings.

[3] Ethicon notes in footnotes 9 and 10 that it has requested that Plaintiffs promptly produce a copy of the "confirmatory assignment" referenced in Tyco Healthcare's complaint and that it appears from Plaintiffs' discovery proposal that they will not do so or provide any other discovery relating to ownership until after there is briefing on the issue. Plaintiffs note that a copy of the confirmatory assignment is publicly available and, in any event, Plaintiffs have now provided Ethicon with a courtesy copy of the assignment. Plaintiffs are not adverse to providing reasonable discovery to the extent it is relevant to the issue of patent ownership (e.g., the pending litigations, that no other documents transfer title of the patents, the confirmatory assignment, and Tyco Healthcare's basis for asserting ownership) while other aspects of discovery not impacted by patent ownership proceed but do not agree with Ethicon's proposal, which apparently seeks to stay the rest of the case until after briefing through mid-July and after a decision on ownership is made thereafter.

| | |
|---|---|
| April 6, 2010 | Updated fact discovery may commence[4] |
| April 23, 2010 | Tyco Healthcare's opening brief as to ownership of the patents-in-suit under the Contribution Agreement |
| May 14, 2010 | Ethicon's opposition brief as to ownership of the patents-in-suit under the Contribution Agreement and the alleged preclusive effect of the '1702 action |
| May 28, 2010 | Tyco Healthcare's reply brief as to ownership |
| August 6, 2010 | Completion of updated fact discovery |
| August 27, 2010 | Plaintiffs' damages expert report and Plaintiffs' infringement expert report regarding the ACE 23E, ACE 36E, and Wave products[5] |
| September 17, 2010 | Ethicon's responsive expert reports on the issue of damages and the issue of infringement regarding the ACE 23E, ACE 36E and Wave products |
| October 8, 2010 | All expert discovery shall be completed |
| October 15, 2010 | Deadline to file dispositive motions on issues not previously raised in the summary judgment motions filed in the '1702 action[6] |
| January 21, 2011 | Joint trial memorandum |
| February 21, 2011 | Trial start date[7] |

---

[4] Ethicon proposes that updated fact discovery commenced on March 10, 2010. Plaintiffs do not agree and note that under the Order On Pretrial Deadlines dated January 14, 2010, "the parties may not commence formal discovery pursuant to the Federal Rules of Civil Procedure until the parties have conferred as described in paragraph (a) and a scheduling order has been entered pursuant to Local Civil Rule 16(b)."

[5] The parties agree that expert discovery should be generally limited to the issues of damages and the newly accused ACE 23E, ACE 36E, and Wave products (provided that the prior accused products have not changed) and that prior expert reports and discovery from the '1702 action are applicable as to the issue of infringement for the other accused products and as to issues of validity.

[6] The parties agree that the Court's Ruling On Motions For Summary Judgment dated October 8, 2007 in the '1702 action and the Court's claim construction rulings in the '1702 action shall have the same effect as if issued in this action.

[7] The parties agree that the evidence and testimony used at trial in the '1702 action will be applicable in the trial of this case. The parties agree that except as to witnesses providing additional testimony as it pertains to damages issues, infringement as to the newly accused products, or issues of patent ownership, to the extent not already resolved, that witnesses who testified in at trial in the '1702 action should not be permitted to testify at trial in this case except for good cause. Ethicon notes in footnote 8 that it is its understanding "that USSC is agreeing to be bound by the prior proceedings as if it had been a party to those proceedings." USSC is unclear as to the scope of what Ethicon means by being "bound by" the prior proceedings but agrees that even though it was not a party to the '1702 action, the Court's Ruling

**Ethicon's Proposed Schedule**

It is apparent that Plaintiff, Tyco Healthcare, plans to relitigate an issue it litigated and lost in the '1702 action, namely, that its predecessor, Kendall Corp., took ownership of the asserted patents via the April 1999 Contribution Agreement.  Ethicon asserts that Tyco Healthcare is precluded from re-litigating this issue.[8]  Ethicon also contends that the issue of whether, and when, Tyco Healthcare took ownership of the patents-in-suit should be resolved before the parties undertake significant damages discovery or prepare their expert positions on damages, because the nature of Tyco Healthcare's interest in the asserted patents, if any, and the timing of any acquisition of such interest, will significantly affect the nature and extent of the damages Tyco Healthcare can seek.

It does not make sense, as Plaintiffs propose, to quickly brief the issue of whether the Contribution Agreement transferred ownership of the asserted patents to Tyco.  Resolving the issue framed by Plaintiffs would require the Court to make fact findings.  To make such findings without any discovery being taken on this issue—which is essentially what is proposed by Plaintiffs—would severely prejudice Ethicon.[9]  Moreover, the issue that Plaintiffs seek to have resolved promptly could be mooted under Ethicon's proposal.  That is, this issue will never be

---

On Motions For Summary Judgment and the Court's claim construction rulings in the '1702 action shall have the same effect as if issued in this action. USSC further agrees that even though it was not a party to the '1702 action, the discovery and evidence at trial in the prior '1702 action should be deemed to have the same effect as if it were given and received in this action

[8] It is Ethicon's understanding that USSC is agreeing to be bound by the prior proceedings as if it had been a party to those proceedings. If this is not the case, then this discovery plan will have to be revisited.

[9] During the Rule 26(f) conference on March 10, Ethicon asked Plaintiffs to promptly produce a copy of the "confirmatory assignment" referenced in Plaintiffs' complaint as an alleged basis for standing. After the Rule 26(f) conference, Ethicon served one interrogatory and one document request specifically directed to the issue of patent ownership and standing. Under the current Local Rules, this was entirely appropriate and timely. Now, it appears from Plaintiffs' discovery proposal that they will not provide discovery relating to ownership until after there is some briefing on this issue. This makes no sense.

reached if, as Ethicon asserts, Tyco is barred by at least issue preclusion from trying to prove that ownership was transferred via the 1999 Contribution Agreement.

Ethicon's proposed schedule provides for early resolution of the legal issues related to ownership of the patents-in-suit.  Specifically, Defendant proposes a briefing schedule on the preclusive effect of the Court's judgment in the '1702 action following a short period of fact discovery.  Ethicon's schedule also proposes fact and expert discovery deadlines that allow a reasonable period for completion of fact discovery, expert reports, and expert discovery following the Court's likely resolution of the ownership issues presented by the parties' briefs.

| Date | Event |
|---|---|
| March 10, 2010 | Fact discovery commenced[10] |
| April 6, 2010 | Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) |
| June 11, 2010 | Ethicon's opening brief as to ownership of the patents-in-suit and the preclusive effect of the '1702 action due |
| July 2, 2010 | Plaintiffs' response brief as to ownership of the patents-in-suit and the preclusive effect of the '1702 action due |
| July 16, 2010 | Ethicon's reply brief as to ownership of the patents-in-suit and the preclusive effect of the '1702 action due |
| November 5, 2010 | Completion of updated fact discovery |
| December 21, 2010 | Plaintiffs' damages expert report and Plaintiffs' infringement expert report regarding the ACE 23E, ACE 36E, and Wave products |
| January 21, 2011 | Ethicon's responsive expert reports on the issue of damages and the issue of infringement regarding the ACE 23E, ACE 36E and Wave products |
| February 11, 2011 | All expert discovery shall be completed |
| February 18, 2011 | Deadline to file dispositive motions on issues not previously raised in the summary judgment motions filed in the '1702 action |

---

[10] Ethicon bases this date on the "Standing Order on Scheduling in Civil Cases" as promulgated by this Court on December 1, 2009.  The order states that the parties may commence formal discovery immediately after the parties have conferred pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16 "without awaiting entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b)."  *See*  D. Conn. L. R. at p. 109, para. (d).  The parties conducted their 26(f) conference on March 10, 2010.

| | |
|---|---|
| May 18, 2011 | Joint trial memorandum |
| June 20, 2011 | Trial start date |

       3.       Discovery will be conducted as described above in paragraph V.E.2.

       4.       It is anticipated that each party will require a total of 10 depositions or less.  Fact depositions should be limited to witnesses that are likely to have relevant information as it relates to the updated sales, licensing, and marketing of the accused or competing products or costs, revenues, profits, and related financial information relevant to damages issues.  Fact depositions may commence once fact discovery commences, and will be completed by the end of fact discovery.  In addition, each party shall have the opportunity to depose any fact witness that the other party plans to call to testify at trial (if that witness has not been previously deposed in the '1702 action or this case).

       5.       The parties do not request permission to serve more than 25 interrogatories.

       6.       The parties intend to call expert witnesses at trial.  The parties agree that expert discovery in this case should be limited infringement issues concerning the ACE 23E, ACE 36E, and Wave products (assuming the prior accused products have not changed) and damages issues.  The parties agree that expert reports and discovery used in the prior '1702 action will be applicable as to infringement issues for the other accused products (except to the extent that the design or structure of the other accused products has changed) and as to issues of validity.  Expert reports will be served by the dates listed in the above discovery schedule.

       7.       A damages analysis will be provided in Plaintiffs' damages expert report at the time the report is due.

8.  The parties have discussed the disclosure and preservation of electronically stored information.  The parties have agreed that, to the extent any party specifically requests the production of electronic information in either print or electronic form, such request will be accommodated provided that it is reasonable under the circumstances and not unduly expensive.  The parties have agreed to preserve potentially relevant electronic materials in their possession, custody and control during the pendency of this action and to conduct diligent searches of such electronic materials to the extent they are reasonably available under the circumstances and not unduly expensive without seeking to impose the costs of such searches on the other party.

9.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties have agreed that, to the extent any party inadvertently produces privileged material during discovery, such party shall promptly advise the receiving party of the inadvertent disclosure once it comes to light and demand the return of the inadvertently produced material.  Upon receiving such a request, the receiving party shall either: (i) return the requested material to the other party and destroy all copies in its possession, custody or control; or (ii) submit such material to the Court for review within 10 business days of receiving the request should the receiving party contest the privileged nature of the material so that the Court can rule on the privilege dispute.

**F.     Dispositive Motions**

The deadline for filing dispositive motions is set forth in the parties' proposed discovery schedules above.  The parties agree that dispositive motions should be limited to issues not previously raised in the summary judgment motions filed in the '1702 action and that the

Court's Ruling On Motions For Summary Judgment dated October 8, 2007 and the Court's claim construction rulings in the '1702 action shall have the same effect as if issued in this action.

### G. Joint Trial Memorandum

The deadline for filing Joint trial memorandum is set forth in the parties' proposed discovery schedule above.

## VI. Trial Readiness

The parties differ as to when the case will be ready for a bench trial.

- 16 -

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action

Plaintiff

By   /s/ Mark W. Rueh_____          Dated March 26, 2010

Drew M. Wintringham
Mark W. Rueh
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020
Tel. (212) 335-4500
Fax. (212) 335-4501

David L. Belt
Jacobs, Grudberg, Belt, Dow & Katz P.C.
350 Orange Street
New Haven, CT 065503
Tel. (203) 772-3100
Fax. (203) 772-1691

Defendant

By   /s/ Ruben H. Munoz_____          Dated March 26, 2010

Dianne B. Elderkin
Barbara L. Mullin
Steven D. Maslowski
Ruben H. Munoz
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, PA  19103
Tel. (215) 965-1200
Fax (215) 965-1200

James T. Shearin
Pullman & Comley LLC
850 Main Street

Bridgeport, CT 06601
Tel. (203) 330-2240
Fax (203) 576-8888

- 17 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2010, a copy of the **FORM 26(f) REPORT ON PARTIES' PLANNING MEETING** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: March 26, 2010   /s/ Mark Rueh
                            Mark Rueh